UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| PAUL SONGCO | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers):** DEFENDANT RESPONSIBLE COUNTY DEVELOPMENT, LLC'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO ANTI-SLAPP STATUTE AND FRCP 11 (filed 04/07/08)

## I.   INTRODUCTION

The factual and procedural history of this action is known to the parties and summarized in the Court's March 25, 2008 Order granting defendants' special motions to strike and motions to dismiss. On August 31, 2007, plaintiffs, who are the Dalidio Family Trust and the Thelma Perozzi Trust, acting by and through their trustee, Ernest Dalidio ("the Trusts"), and San Luis Obispo Marketplace, LLC filed a complaint in the San Luis Obispo County Superior Court against defendants San Luis Obispo Downtown Association ("SLODA"); Responsible County Development, LLC ("RCD"); and Does 1-500. On October 3, 2007, defendants timely removed the action to this Court on the basis of federal question jurisdiction.

On November 6, 2007, SLODA filed motions to dismiss, to strike, and for more definite statement. On November 7, 2007, RCD filed a special motion to strike pursuant to Cal. Civ. Proc. Code § 425.16. SLODA joined in RCD's motion. On January 18, 2008, plaintiffs filed a first amended complaint ("FAC"). Accordingly, on January 23, 2008, the Court denied defendants' respective motions as moot.

The FAC alleged, in substance, that defendants had conspired to engage in unlawful activities to prevent plaintiffs from developing property that they owned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

Plaintiffs alleged the following claims: (1) violations of Cal. Bus. & Prof. Code § 17200 et seq.; (2) violations of California's Cartwright Act, Cal. Bus. & Prof. Code § 16720 et seq.; (3) violations of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. ("RICO"); (4) intentional interference with economic advantage; (5) intentional interference with future advantage; (6) trade libel; and (7) conspiracy and/or aiding and abetting.

On February 11, 2008, RCD filed a special motion to strike, pursuant to California's Anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute, Cal. Civ. Proc. Code § 425.16, and a motion to dismiss. On the same day, SLODA filed motions to dismiss, for more definite statement, and to strike. SLODA and RCD joined in one another's motions. They filed their respective replies on March 17, 2008.

On March 25, 2008, the Court granted defendants' respective motions to strike plaintiffs' state law claims, pursuant to the anti-SLAPP statute. The Court also dismissed plaintiffs' RICO claim and denied plaintiffs' request for leave to amend. The Court denied as moot SLODA's motion for a more definite statement.

On April 2, 2008, SLODA filed the instant motion for attorneys' fees, pursuant to § 425.16 and Fed. R. Civ. P. 11. Plaintiffs filed an opposition thereto on April 14, 2008. SLODA filed a reply on April 21, 2008.

On April 7, 2008, RCD filed the instant motion for attorneys' fees and costs, pursuant to § 425.16 and Rule 11. Plaintiffs filed an opposition thereto on April 14, 2008. RCD filed a reply on April 21, 2008.

On April 14, 2008, defendants withdrew their arguments for attorneys' fees and costs based on Rule 11.[1]

A hearing was held on April 28, 2008. At the hearing, plaintiffs and SLODA

---

[1] Plaintiffs request an award of $8,000 for attorneys' fees incurred in connection with their response to defendants' Rule 11 arguments. The Court declines to award these fees to plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

stipulated that plaintiffs would pay SLODA an fee award of $11,750. The Court thereafter issued an order awarding these fees to SLODA. At the April 28, 2008 hearing, the Court directed RCD to submit under seal and in camera unredacted invoices and to file a third-party declaration as to the reasonable attorneys' fee rates in the Los Angeles legal market. The matter was taken under submission. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   DISCUSSION

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). An award of such fees and costs must be reasonable. Metabolife Int'l., Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). It is defendants' burden to establish that they are entitled to a given fee award. Kearney v. Foley & Lardner, 2008 U.S. Dist. LEXIS 21115, at *11 (S.D. Cal. 2008). The Court retains "broad discretion to determine the reasonable amount of attorney's fees and costs and must have substantial evidence to support the fee award." Jacobsen, 2006 U.S. Dist. LEXIS 79030, at *26-*27 (N.D. Cal. 2006).
.

### A.   Scope of Fees

Plaintiffs "do not dispute that RCD is entitled to attorney's fees as related to its success on its anti-SLAPP motion." Opp'n to RCD's Motion 1. Plaintiffs argue, however, that RCD is not entitled to attorneys' fees and costs that were unrelated to the preparation of their anti-SLAPP motion.

Plaintiffs rely on Lafayette Morehouse, Inc. v. Chronicle Publ'g Co., 39 Cal. App. 4th 1379 (1995), in which the court reviewed the legislative history of the anti-SLAPP statute and concluded that "the Legislature intended that a prevailing defendant on a motion to strike be allowed to recover attorney fees and costs only on the motion to strike, not the entire suit." Id. at 1383.

Some cases have called Lafayette Morehouse into question because it was decided before the California Legislature amended the anti-SLAPP statute in 1997, mandating that it be "construed broadly." Metabolife Int'l, Inc. v. Wornick, 213 F. Supp. 2d 1220,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

1224 (S.D. Cal. 2002); <u>Kearney</u>, 2008 U.S. Dist. LEXIS 21115, at *8 . Other post-amendment cases, however, have continued to rely on <u>Lafayette Morehouse</u> for the proposition that "the prevailing party is only entitled to recover fees and costs related to the motion to strike, not to the whole suit or other motions." <u>Jacobsen</u>, 2006 U.S. Dist. LEXIS 79030, at *27; <u>Mory v. City of Chula Vista</u>, 2008 U.S. Dist. LEXIS 9911, at *35 (S.D. Cal. 2008); <u>Paul for Council v. Hanyecz</u>, 85 Cal. App. 4th 1356, 1362 n.4 (2001), <u>overruled on other grounds</u>, <u>Equilon Enters. v. Consumer Cause, Inc.</u>, 29 Cal. 4th 53, 68 n.5 (2002).

On the other hand, where the attorneys' fees incurred during the course of litigation are "in connection with" the motion to strike and are "necessary to prevail" on the motion, these fees are compensable under the anti-SLAPP statute. <u>Mory</u>, 2008 U.S. Dist. LEXIS 9911, at *35-*36 (citing <u>Metabolife</u>, 213 F. Supp. 2d at 1221-24).

Plaintiffs argue that RCD is not entitled to attorneys' fees incurred in connection with the removal of this action from state to federal court. RCD responds that removal was necessary to bring this action before this Court. However, RCD does not dispute that their anti-SLAPP defense could have been asserted in the Superior Court had the action not been removed. Because it was not necessary for defendants to remove this action to this Court in order to prevail on their anti-SLAPP motion, they are not entitled to the attorneys' fees incurred in connection with the removal of this action.

Next, plaintiffs argue that RCD's motion to dismiss plaintiffs' RICO claim was unrelated to their anti-SLAPP motion, which pertained to their state law claims only. Plaintiffs' state law claims, as to which the Court granted defendants' special motion to strike, and their RICO claim, which the Court dismissed, turned upon the same set of factual allegations, all of which related to defendants' allegedly wrongful efforts to prevent plaintiffs from developing their property. However, "mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined." <u>Kearney</u>, 2008 U.S. Dist. LEXIS 21115, at *10. RCD's motion to dismiss the RICO claim addressed legal issues that, at least in this case, were distinct from their anti-SLAPP defense, including the necessary elements of a RICO claim and the <u>Noerr-Pennington</u> doctrine. Accordingly, RCD is not entitled to fees incurred in connection with the preparation of their motion to dismiss plaintiffs' RICO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

claim.[2]

**B.     Whether Attorneys' Fees Are Reasonable**

Plaintiffs argue that the hourly rate for RCD's attorneys is unreasonable.  Plaintiffs contend that the Court should calculate these fees in accordance with the "Laffey Matrix" schedule of fees.  "The Laffey Matrix is a rate schedule established by the United States Department of Justice that establishes what the department believes to be a reasonable rate for corresponding legal experience in Washington, D.C."  Perez v. Cozen & O'Connor Group Long Term Disability Coverage, 2007 U.S. Dist. LEXIS 53996, at *6 (S.D. Cal. 2007).  Although the Laffey Matrix has been employed in the United States District Court for the Northern District as a means of calculating reasonable fee rates, see, e.g., Young v. Polo Retail, LLC, 2007 U.S. Dist. LEXIS 27269, at *19-*21 (N.D. Cal. 2007), because this standard applies to prevailing market rates in Washington, D.C., its use has been criticized as "contrary to Ninth Circuit law . . ."  Perez, 2007 U.S. Dist. LEXIS 53996, at *6 (noting that in the Ninth Circuit, district courts must use "the rate prevailing *in the community* for *similar work* performed by *attorneys of comparable skill, experience, and reputation*.") (quoting Farhat v. Hartford Life and Accident Ins., 2006 WL 2521571, at *2 (N.D. Cal. 2006) (emphasis supplied in Perez); see also Hous. Rights Ctr. v. Sterling, 2005 U.S. Dist. LEXIS 31872, at *10-*11 (C.D. Cal. 2005) (noting that "[t]he Laffey Matrix . . . does not comport with the reality of Los Angeles firm billing practices.").  Therefore, the Court declines to adopt the Laffey Matrix as a metric for determining whether the rate charged by RCD's counsel is reasonable.

Plaintiffs further suggest that RCD's attorneys' fees should be discounted to reflect prevailing rates in the San Luis Obispo market because this is where the case was filed.  This argument lacks merit because for the purposes of determining a reasonable rate, "[t]he relevant community is that where the district court sits."  Cambridge Elecs. Corp.

---

[2] RCD maintains that, to the extent that it is able to apportion the work that was performed exclusively for the purposes of defending against plaintiffs' RICO claim, this work generated $3,998 in fees.  Supplemental Declaration of Philip Atkins-Patterson ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

v. MGA Elecs., Inc., 2005 U.S. Dist. LEXIS 11028, at *17 (C.D. Cal. 2005). Accordingly, it is proper to look to the Los Angeles legal market in determining whether the rates charged by RCD's counsel are reasonable.

RCD has made a prima facie showing that their fee rates are reasonable. RCD proffers the declaration of Philip Atkins-Pattenson ("Atkins-Pattenson"), one of its attorneys in this action, who asserts that his ordinary billing rate at the beginning of this action was $550 an hour, and that this rate increased to $595 an hour, as of January 1, 2008. Atkins-Pattenson Decl. ¶ 6. Atkins-Pattenson further asserts that during the course of this litigation, the hourly rates of his co-counsel, Craig Pinedo and Martin White, increased from $425 to $470 and $260 to $275, respectively. Id. RCD further submits the information regarding the legal experience of each of these attorneys. Id., Exs. A, B, C. RCD also proffers the declaration of Gary Greenfield ("Greenfield"), the founder of Litigation Cost Management, who has conducted several hundred analyses of legal fees in various types of civil actions, and who has previously testified as an expert witness regarding legal fees. Declaration of Gary Greenfield ¶¶ 2-5. Greenfield states that in his opinion, the foregoing fee rates charged by RCD's counsel are consistent with those charged in the Los Angeles market by lawyers of similar skill, experience, and reputation. Id. ¶ 14.

Based on the information submitted, the Court finds and concludes that the attorney and paralegal fee rates proffered by RCD are consistent with those charged by other major firms in the Los Angeles legal community and are reasonable.

**C.     Award**

The Court directed RCD to submit in camera and under seal the billing statements generated by its counsel in this action. These statements indicate that counsel for RCD incurred total fees of $125,491 in connection with this matter, exclusive of the fees incurred in preparing the instant motion for attorneys' fees.[3]

---

[3] RCD's motion for attorneys' fees indicates that its counsel billed slightly less than this amount: $124,878.50. See Motion 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

The Court has reviewed these statements to determine, in accordance with the principles articulated *supra*, what fee award RCD is entitled to in connection with its anti-SLAPP motion. Many of the billing entries describe work for which fees are not recoverable because it was performed solely in connection with RCD's efforts to remove the action to this Court or in connection with RCD's defense against plaintiffs' RICO claim. Additionally, multiple billing entries describe a mixture of recoverable and non-recoverable fees.[4] In total, the Court determines that $42,699.50 of RCD's attorneys' fees are not recoverable.

Accordingly, the Court finds and concludes that RCD is entitled to a fee award in the amount of $82,791.50, exclusive of fees incurred in connection with the instant motion for attorneys' fees. Additionally, the Court finds and concludes that RCD is entitled to costs in the amount of $1,941.05.

RCD also requests an award of $15,000 for fees that it estimates will be incurred in connection with the preparation of the instant motion. However, at least half of RCD's opening brief on the issue of fees is devoted to a discussion of Rule 11, which is immaterial to the question of the fees to which RCD is entitled under the anti-SLAPP statute. Additionally, RCD does not explain how it arrived at this estimate for fees. The Court awards $7,500 for fees incurred in connection with the instant motion for attorneys' fees.

Thus, RCD is entitled to and is hereby awarded total fees and costs in the amount of $92,232.55.[5]

//
//
//

---

[4] In many instances, the extent to which the legal work was performed in connection with RCD's motion to strike is not ascertainable. In such instances, the Court has awarded half of the fees expended.

[5] In their motion, RCD sought fees and costs totaling $144,378.50. Motion 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6446 CAS (CWx) | Date | July 14, 2008 |
|----------|----------------------|------|---------------|
| Title | DALIDIO FAMILY TRUST, ETC.; ET AL. v. SAN LUIS OBISPO DOWNTOWN ASSOCIATION; ET AL. | | |

//


**III.    CONCLUSION**

In accordance with the foregoing, the Court GRANTS RCD's motion for attorneys' fees.  RCD is hereby awarded fees and costs in the amount of $92,232.55.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | PS | | |